UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LEAH FARIA

       Petitioner,

- against -                                                                          MEMORANDUM AND ORDER
                                                                                     04-CV-2411 (RRM)
ADA PEREZ, Superintendent,
Bedford Hills Correctional Facility, and

ANDREW CUOMO, Attorney General,
State of New York,[1]

       Respondents.
-------------------------------------------------------X

MAUSKOPF, United States District Judge.

      Petitioner Leah Faria ("petitioner") has filed two letters (Doc. Nos. 7 and 8) and a motion (Doc. No. 9) seeking leave to amend the petition to add certain claims and/or a stay to permit petitioner to exhaust her additional claims in state court. Before the court issues its decision, petitioner must clarify her requests as set forth below.

I.    **Background**

      Petitioner was convicted, upon a jury verdict and by judgment dated June 7, 2000, of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two counts of tampering with physical evidence. People v. Faria, 304 A.D.2d 838, 757 N.Y.S.2d 878 (2d Dep't 2003). Petitioner appealed her conviction, raising four grounds: (1) the prosecution's failure to turn over a recording of an

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ada Perez is substituted for her predecessor, Elaine Lord, as Superintendent of Bedford Hills Correctional Facility. Andrew Cuomo is substituted as the Attorney General of the State of New York, whose predecessor petitioner did not name in the petition.

1

interview with a prosecution witness in a timely manner; (2) the trial court's failure to dismiss a sleeping juror; (3) insufficient evidence to support the "depraved indifference" murder conviction; and (4) an excessive sentence.[2] By order dated April 28, 2003, the Appellate Division, Second Department, affirmed petitioner's convictions. Faria, 304 A.D.2d at 838-39, 757 N.Y.S.2d at 878. The New York Court of Appeals denied petitioner's request for leave to appeal on July 14, 2003. People v. Faria, 100 N.Y.2d 580 (N.Y. 2003). According to the petition, petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Petitioner filed the instant petition for a writ of habeas corpus (Doc. No. 1) on June 8, 2004, raising the same four grounds presented in her direct appeal. On April 19, 2005, the Office of the District Attorney of Queens County filed an affidavit and memorandum of law in opposition to the petition (Doc. No. 5) on behalf of the respondents. Petitioner did not file a traverse/reply memorandum.

By letter dated April 20, 2007 (Doc. No. 7), petitioner sought permission to amend the habeas petition. The letter stated, in relevant part:

> I am requesting permission to have my Habeas Corpus amended so that I can add additional argument(s) on my behalf. I was not able to file a CPL 440.10 motion or present said argument for state relief to exhaust all state remedies, before my federal habeas corpus filed because the information was recently revealed to me. For instance, the meritorious issue that I request to submit on collateral attaack [sic] entails that there was insufficiency of evidence to establish depraved indifference; and that the district attorney and the Court never should have submitted a twin-count indictment to the jury to deliberate thereupon.

(Id.) Petitioner alternatively requested that these proceedings be stayed while petitioner files a motion pursuant to § 440.10 of the New York Criminal Procedure Law. (Id.)

---

[2] Petitioner has attached a copy of her brief to the New York State Supreme Court, Appellate Division, Second Department (Doc. No. 1 Attachment 2), in support of the instant petition.

By letter dated May 1, 2007 (Doc. No. 8), petitioner reiterated her request to amend the petition or for a stay to permit her to file a § 440.10 motion in state court. Thereafter, on May 21, 2007, petitioner filed a motion to stay proceedings on the habeas petition (Doc. No. 9) to permit her to exhaust additional claims in state court so that, at a later date, she may amend the instant habeas petition to present those same claims to this court. The respondents have not submitted any response to petitioner's letters, nor have the respondents opposed petitioner's motion.

## II. Discussion

### A. Leave to Amend

Because the respondents have filed a responsive pleading, petitioner may only amend the petition with the written consent of the respondents or with leave of the court.[3] Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires." Conversely, a district court may deny leave to amend where such amendment would be futile. See Hom Sui Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002) (citing Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999)). A proposed amendment would be futile if, for instance, the new claim would be time-barred under the applicable statute of limitations. See, e.g., Jones, 166 F.3d at 47; Wright v. Rivera, 06-CV-01725, 2007 U.S. Dist. LEXIS 88271, *4-6 (E.D.N.Y. Nov. 30, 2007). Therefore, to address petitioner's request to amend the petition, the court must determine whether the proposed amendment would be futile, including whether the proposed claim(s) would be time-barred under 28 U.S.C. § 2244(d)(1).

---

[3] See Fed. R. Civ. P. 15(a)(2), 81(a)(2); 42 U.S.C. § 2242; Habeas Corpus Rule 11.

## B. Motion to Stay

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." <u>Id.</u> at 277. Specifically, the Supreme Court held that a stay should be granted only if a petitioner can show "good cause" for failing to exhaust all available State remedies earlier and, even then, only if the unexhausted claims are not "plainly meritless." <u>Id.</u>

## C. Analysis of Petitioner's Requests

Based on these standards, the court cannot adequately assess petitioner's requests to amend her petition or, in the alternative, to stay the petition to allow her to exhaust her state remedies as the petitioner has failed to provide in her letters of April 20 and May 1, 2007, sufficient information regarding her new claim or claims. Petitioner's submissions provide no details concerning the factual or legal bases for any new claim, or even how many she seeks to assert, making it impossible to assess whether any new claim has merit or requires exhaustion. Nor has petitioner set forth "good cause" for why she has waited until now to advance any new claims. While petitioner seems to suggest that the claim or claims she now seeks to advance may be grounded upon information "recently revealed," she has not articulated what that information may be, or why it was not available until now. Thus, the court does not have sufficient facts to properly address petitioner's requests to amend or, in the alternative, to stay the instant petition.

## D. Additional Information Required

To determine whether petitioner should be granted leave to amend her petition, whether petitioner has "good cause" for failing to exhaust her additional claims in state court and whether

4

those claims are "plainly meritless," the court requires additional information, including, but not limited to:

(1) How many additional claims petitioner wants to raise in support of the petition;

(2) The legal or constitutional basis for each additional claim;

(3) The facts underlying each additional claim;

(4) When the facts underlying each claim became available to petitioner;

(5) Whether, and how, each additional claim has been exhausted in state court; and

(6) If any of petitioner's claims has not been exhausted in state court, why petitioner has "good cause" for failing to exhaust such claim(s).

### III. Conclusion

For the reasons stated above, it is ORDERED that petitioner shall supplement her requests as directed. Petitioner shall submit an affidavit providing the additional information requested no later than March 7, 2008. The respondents shall submit their response to petitioner's requests no later than April 4, 2008.

SO ORDERED.

Dated: Brooklyn, New York
February 6, 2008

s/RRM

ROSLYNN R. MAUSKOPF
United States District Judge